**FILED & ENTERED**

**DEC 21 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bryant    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CHAPTER 13 |
| LANCE ARTHUR KEATING, | Case No.: 2:16-bk-14882-WB<br>Adv No:  2:16-ap-01465-WB |
| Debtor(s). | **MEMORANDUM OF DECISION** |
| LANCE ARTHUR KEATING, | Date:     November 7, 2017<br>Time:     2:00 PM<br>Courtroom:  1375 |
| Plaintiff(s), | |
| v. | |
| U.S. ROF III LEGAL TITLE TRUST 2015-1 ET AL., | |
| Defendant(s). | |

On November 7, 2017 at 2:00 p.m., the Court held a hearing on a motion to dismiss ("Motion") filed by defendants U.S. ROF III Legal Title Trust 2015-1 ("U.S. ROF III"); Fay Servicing, LLC ("Fay"); Barrett, Daffin, Frappier, Treder & Weiss, LLP ("Barrett Daffin"); and Mortgage Electronic Registration Systems, Inc. ("MERS," and together with the other defendants, "Defendants"). The third amended adversary complaint ("TAC") filed by plaintiff-

debtor Lance Arthur Keating ("Debtor") is the subject of Defendants' Motion. Defendants seek to dismiss the TAC for failure to state a claim under Civil Rule 12(b)(6),[1] arguing that they did not violate the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and that Debtor's claim for damages under TILA is time-barred. Debtor opposes the Motion on the grounds that equitable tolling should apply.

Defendants appeared at the November 7 hearing by and through their counsel of record. Debtor appeared on his own behalf. At that time, the Court heard oral argument and took the matter under submission. Based on the pleadings, record, and oral argument of the parties, and for the reasons that follow, the Court grants the Motion without leave to amend and dismisses the TAC in its entirety.

## I. STATEMENT OF FACTS

Debtor filed a voluntary Chapter 13 bankruptcy petition on April 15, 2016. Debtor then filed this adversary proceeding on October 18, 2016. Debtor's original adversary complaint ("Original Complaint") alleged that the named defendants violated the federal Truth in Lending Act ("TILA") and, therefore, that Debtor was entitled to damages, declaratory relief, and rescission of the mortgage transaction for his only piece of real property, located at 29184 Flowerpark Drive, Canyon Country, California 91387 ("the Property").

Debtor has designated the Property as his primary residence on his bankruptcy petition. Defendant U.S. ROF III foreclosed on the Property on September 10, 2015. Since January 2016, U.S. ROF III and Debtor have been engaged in unlawful detainer litigation in Los Angeles Superior Court ("the UD Action") (Case No. 16P00222). After this Court granted U.S. ROF III relief from the automatic stay to proceed with the UD Action, Debtor removed the UD Action to the bankruptcy court. See Adv. Pro. No. 2:16-ap-01282-WB. U.S. ROF III subsequently filed a motion to remand the case to state court, which this Court granted on December 5, 2016. The UD Action is still pending in state court.[2]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Debtor removed the UD Action a second time on December 19, 2016. See Adv. Pro. No. 2:16-ap-01561-WB. On May 31, 2017, the Court ordered it remanded again. See id. at Adv. Docket

On November 18, 2016, U.S. ROF III filed a motion in this adversary proceeding requesting dismissal of Debtor's Original Complaint.[3] In an order and memorandum of decision entered on January 26, 2017, the Court granted in part and denied in part U.S. ROF III's motion to dismiss. Specifically, the Court (1) dismissed Debtor's first cause of action, for damages and rescission under TILA, with leave to amend; (2) dismissed Debtor's second cause of action, for rescission under TILA, without leave to amend; and (3) denied U.S. ROF III's motion as to Debtor's third cause of action for declaratory relief. The Court also ordered Debtor to file an amended complaint by February 14, 2017.

Debtor filed his second amended adversary complaint ("SAC") on February 16, 2017. Debtor amended the SAC's first cause of action to clarify that he was only seeking damages, rather than rescission, for U.S. ROF III's alleged failure to timely serve him with notice of the assignment of his mortgage. Debtor also amended his declaratory relief claim to include more specific allegations. Finally, Debtor added the following to his SAC: (1) defendants Barrett Daffin and MERS; (2) a new claim, designated as the second cause of action, for wrongful foreclosure; and (3) a new claim, designated as the third cause of action, for various violations of the California Business and Professions Code. Defendants filed a motion to dismiss Debtor's SAC.

On July 11, 2017, the Court granted Defendants' motion to dismiss the SAC and dismissed the following causes of action with prejudice: Debtor's wrongful foreclosure claim, Debtor's claim for violations of the California Business and Professions Code, and Debtor's declaratory relief claim. With respect to the SAC's first cause of action for federal TILA violations, the Court granted Defendants' motion to dismiss, finding that Debtor's TILA claim was time-barred. However, the Court allowed Debtor leave to amend his TILA claim in order to assert additional facts in support of equitable tolling. The Court then ordered Debtor to file an

---

No. 11.

[3] Debtor filed a first amended adversary complaint prior to the January 24, 2017 hearing on U.S. ROF III's motion to dismiss the Original Complaint. See Adv. Docket No. 9. At that hearing, the Court granted Debtor leave to amend his complaint a second time so that he could address the deficiencies raised in the Court's ruling. Debtor agreed to file a second amended adversary complaint.

amended complaint by August 1, 2017.

Debtor filed and served his third amended adversary complaint ("TAC") on August 1, 2017. Due to the Court's ruling on July 11, 2017, the TAC now contains only one cause of action for violations of § 1641(g) of TILA, along with a request for $4,000 in damages. Debtor asserts his TILA claim only against defendants U.S. ROF III and Fay.

The TILA claim pleaded in the TAC is similar to the one pleaded in the SAC, but Debtor has now asserted additional facts aimed at supporting his equitable tolling argument. Based on the various recorded documents associated with the Property, Debtor alleges that U.S. ROF III violated § 1641(g) of TILA by failing to record an assignment and by failing to notify Debtor of this assignment within 30 days of the transfer. Debtor also alleges that Fay colluded with U.S. ROF III regarding this nondisclosure. Debtor acknowledges that an action for damages based on § 1641(g) violations must be brought within one year of those violations, but Debtor asserts that equitable tolling should apply in this instance. Debtor contends that his TILA claim is not time-barred, as he only became aware of the violations on November 18, 2015, when he received a letter from his contact at Fay, Jim Lawlor. Thus, Debtor asserts that November 18, 2015 should be the operative date for statute of limitations purposes. Assuming that such date is used, Debtor maintains that he timely filed his Original Complaint on October 18, 2016.

With respect to damages, Debtor cites to § 1640(a) of TILA and requests the statutory maximum of $4,000. Debtor does not claim any actual damages in addition to that amount.

## II. DISCUSSION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K). Venue is proper in this Court. 28 U.S.C. § 1409(a) (2012).

A. The Court Did Not Take Judicial Notice of the 2014 Transfer Letter from Fay in Ruling on Defendants' Motion.

As a general rule, a court "may not consider any material beyond the pleadings in ruling on a [Civil] Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (overruled on other grounds). Civil Rule 12 expressly states that "[i]f, on a motion under

[Civil] Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under [Civil] Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) (emphasis added).

However, there are two exceptions to the general rule that consideration of extrinsic evidence converts a Civil Rule 12(b)(6) motion into a motion for summary judgment. See Lee, 250 F.3d at 688. First, a court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." Id. If the documents are not physically attached to the complaint, the court may consider them if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Id. at 689. Second, under Federal Rule of Evidence 201, the court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). However, the court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).

Here, Defendants request that this Court consider certain documents outside the pleadings: (1) the original deed of trust for the Property, executed in 2007 in favor of SecurityNational Mortgage Company; (2) the 2011 assignment of the deed of trust from MERS to BAC Home Loans Servicing, LP ("BAC"); (3) a 2014 letter from Fay to Debtor advising Debtor of the transfer of the loan to U.S. Bank, N.A. ("U.S. Bank") as trustee for PROF-2013-S3 REMIC Trust III ("PROF-2013"), U.S. ROF III's predecessor-in-interest; (4) the 2014 assignment of the deed of trust from Bank of America, N.A. to U.S. Bank as trustee for PROF-2013; (5) the trustee's deed upon sale granting the Property to U.S. Bank as trustee for U.S. ROF III; (6) U.S. ROF III's unlawful detainer complaint against Debtor; (7) Debtor's answer to the unlawful detainer complaint; (8) Debtor's notice of removal of the unlawful detainer action to the district court; (9) the district court's order remanding the unlawful detainer action to the state court; (10) U.S. ROF III's motion for relief from stay; and (11) the PACER docket for Adv. Pro. No. 2:16-ap-01282-WB. All of these documents, except for the 2014 transfer letter from Fay

("the 2014 Fay Letter"), are appropriate for this Court to consider because they are matters of public record that are not subject to any reasonable dispute, having either been filed with this Court, the state court, the district court, or the Los Angeles County Recorder's Office. The Court cannot take judicial notice of the 2014 Fay Letter, since Debtor disputes Defendants' compliance with various TILA requirements, including the requirement to inform Debtor about the transfer of the loan to U.S. ROF III.

Accordingly, the Court did not consider the 2014 Fay Letter in ruling on Defendants' Motion.

B. <u>Civil Rule 12(b)(6) Dismissal Standard</u>

Under Rule 7012, Civil Rule 12(b), which governs how a defendant may attack the face of a plaintiff's complaint, applies in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012. Civil Rule 12(b)(6) provides that a court may grant the defendant's motion to dismiss when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Civil Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Civil Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must construe all of the complaint's allegations as true, even if doubtful in fact. <u>Twombly</u>, 550 U.S. at 555-56 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), for the proposition that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

//
//

C. <u>The Court Dismisses Debtor's TILA Claim Without Leave to Amend.</u>

In their Motion, Defendants argue that Debtor's TILA claim must fail for several reasons. First, Defendants assert that § 1641(g) does not require a transferee to record an assignment. Further, Defendants maintain that U.S. ROF III and Fay complied with § 1641(g) by sending the 2014 Fay Letter to Debtor within 30 days of the assignment to PROF-2013, U.S. ROF III's predecessor-in-interest. Finally, Defendants contend that Debtor's claim for damages is time-barred pursuant to § 1640(e), as the operative date for purposes of the TILA one-year statute of limitations should be the foreclosure sale date, September 10, 2015. Based on this argument, Defendants assert that Debtor's Original Complaint is untimely, as it was filed on October 18, 2016, more than one year after the foreclosure sale took place.

In his opposition to the Motion, Debtor argues that U.S. ROF III violated TILA (1) by failing to record an assignment naming U.S. ROF III as the transferee and (2) by failing to notify Debtor of such assignment. According to Debtor, the exhibits to Defendants' Motion do not address this issue; rather, these documents merely serve as evidence of an assignment to PROF-2013. Further, Debtor contends that his TILA claim is not time-barred because equitable tolling applies. Debtor maintains that November 18, 2015 should be the operative date for TILA statute of limitations purposes, as this was the date that Debtor first learned of any transfer to U.S. ROF III and, consequently, of his actionable TILA claim. Assuming that the Court accepts his proffered date of November 18, 2015, Debtor asserts that he timely filed his Original Complaint within one year of that date.

For the reasons set forth below, the Court dismisses Debtor's TILA claim without leave to amend.

1. <u>U.S. ROF III Was Not Required to Record an Assignment to Comply with § 1641(g) of TILA.</u>

At the July 11, 2017 hearing on Defendants' motion to dismiss Debtor's SAC, the Court ruled in Defendants' favor on the assignment issue, which arose in connection with Debtor's wrongful foreclosure claim. At that time, Debtor made a similar argument to the one that he now makes in his opposition to Defendants' current Motion: namely, that prior to taking any action

against the Property, U.S. ROF III was required to record an assignment naming U.S. ROF III as the transferee. The Court determined that under California law, U.S. ROF III did not need to offer proof of an assignment in order to foreclose on the Property.[4] Therefore, Defendants have already prevailed on this point, and Debtor cannot attempt to relitigate the issue by raising it in his opposition to the Motion.

Moreover, with respect to § 1641(g) specifically, it is clear that this section of TILA does not, on its face, require that the transferee actually record the relevant assignment. Although § 1641(g) requires the transferee to provide the borrower with "the location of the place where transfer of ownership of the debt is recorded," 15 U.S.C. § 1641(g)(1)(D) (2012), this requirement would logically apply only if the assignment is required to be recorded in the first place. The Court has already determined that California law does not impose such a requirement for the mortgage loan at issue here.

2. <u>Defendants Cannot Rely on the 2014 Fay Letter to Show That U.S. ROF III and Fay Complied with § 1641(g) of TILA, and Even If They Could, Such Letter Does Not Necessarily Cause Debtor's TILA Claim to Fail.</u>

When a mortgage loan is sold, transferred, or assigned to a third party, TILA requires the transferee to provide written notice of the transfer to the borrower within 30 days of the transfer. 15 U.S.C. § 1641(g)(1). This notice must include "(A) the identity, address, [and] telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having

---

[4] The absence of a recorded assignment naming U.S. ROF III as the assignee does not automatically render the foreclosure sale invalid under California law. Since the relevant loan documents include a deed of trust, U.S. ROF III was not required to record an assignment prior to foreclosing on the Property. "Section 2932.5 [of the California Civil Code] requires the recorded assignment of a mortgage so that a prospective purchaser knows that the mortgagee has the authority to exercise the power of sale. This is not necessary when a deed of trust is involved, as the trustee conducts the sale and transfers title." Haynes v. EMC Mortg. Corp., 205 Cal. App. 4th 329, 336 (2012). Consequently, since "only the trustee [can] transfer title, it [is] immaterial who [holds] the note." Calvo v. HSBC Bank U.S.A., N.A., 199 Cal. App. 4th 118, 122 (2011). Therefore, when a deed of trust is involved, an assignee does not need to present evidence of a recorded assignment to establish standing to foreclose on real property. Haynes, 205 Cal. App. 4th at 336-37 ("[W]e conclude that the weight of authority, including the longstanding Stockwell [v. Barnum, 7 Cal. App. 413 (1908),] opinion, mandates that where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded.").

authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." Id. A creditor who fails to comply with the notice requirements of § 1641(g) is liable to the borrower for actual damages plus the statutory damage amount provided in TILA. 15 U.S.C. § 1640(a)(1)-(2).

Here, Defendants rely on the 2014 Fay Letter to show that U.S. ROF III and Fay complied with § 1641(g) of TILA. Such letter advises Debtor of the transfer of his mortgage loan to U.S. Bank, as trustee for U.S. ROF III's predecessor-in-interest, PROF-2013. Yet as discussed above in Section II.A, the Court cannot take judicial notice of the 2014 Fay Letter. Thus, for this reason alone, Defendants' reliance on the Fay 2014 Letter is unavailing.

However, even if the Court could consider the 2014 Fay Letter, such letter does not unequivocally show that Debtor's TILA claim must fail. As Debtor points out in his opposition to Defendants' Motion, the TILA claim centers on U.S. ROF III's and Fay's failure to notify Debtor of any assignment to U.S. ROF III. Thus, Defendants' argument that Fay, on behalf of U.S. Bank and PROF-2013, provided the requisite notice does not actually address the issue, since there appears to have been a subsequent transfer from PROF-2013 to U.S. ROF III. Such transfer would have required a notice separate and apart from the 2014 Fay Letter. Nevertheless, this conclusion does not change the outcome in this case, as Debtor's TILA claim ultimately fails for the reasons discussed in Section II.C.3 below.

3. Debtor's TILA Claim is Time-Barred, and Debtor Has Failed to Plead Facts That Show That Equitable Tolling Should Apply.

An action for damages based on violations of § 1641(g) of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); Diunugala v. JP Morgan Chase Bank, N.A., 81 F. Supp. 3d 969, 983-84 (S.D. Cal. 2015). However, under appropriate circumstances, a plaintiff may invoke equitable tolling in order to preserve his TILA claim. See Kilpatrick v. U.S. Bank, No. 12-cv-1740-W(NLS), 2014 WL 1247336, at *3 (S.D. Cal. March 24, 2014); Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1192 (9th Cir. 2001) (noting that statutes of limitations are generally subject to equitable tolling). "Equitable tolling applies

'in situations where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim.'" Kilpatrick, 2014 WL 1247336, at *3 (quoting Socop-Gonzalez, 272 F.3d at 1193). Thus, the party requesting equitable tolling must show two required elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal citations omitted). The "extraordinary circumstance" must "go beyond a 'garden variety claim of excusable neglect.'" Socop-Gonzalez, 272 F.3d at 1193 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)).

At the July 11, 2017 hearing on Defendants' motion to dismiss Debtor's SAC, the Court found that Debtor's TILA claim was time-barred. The Court reasoned that if the assignment to U.S. ROF III occurred on the foreclosure sale date of September 10, 2015, U.S. ROF III should have sent Debtor written notice of the transfer by October 10, 2015, as required under § 1641(g). Therefore, Debtor had until October 10, 2016 to seek damages under § 1640 of TILA for U.S. ROF III's alleged violation of § 1641(g). Debtor filed his Original Complaint on October 18, 2016, after the statute of limitations for his TILA claim had already lapsed. The SAC related back to the Original Complaint; consequently, the Court concluded that Debtor's TILA claim was time-barred.

Therefore, in his TAC, Debtor can only proceed with his TILA claim if he can show that the one-year statute of limitations should be equitably tolled. The Court finds that Debtor has failed to make such a showing.

To support his equitable tolling argument, Debtor now references a letter that he received from his contact at Fay, Jim Lawlor, on or about November 18, 2015 ("the 2015 Fay Letter"). Debtor asserts that the 2015 Fay Letter alerted him to the transfer of his mortgage loan to U.S. ROF III. Prior to receiving that letter, Debtor maintains that he had no knowledge of U.S. ROF III's role and, therefore, could not have discovered his TILA claim before November 18, 2015.

The Court finds Debtor's argument and evidence unpersuasive. To discover his TILA claim, Debtor would have merely needed to learn that the entity that foreclosed on the Property, U.S. ROF III, was not the last known transferee of the loan. The 2015 Fay Letter advises Debtor

of the following information: service of Debtor's mortgage loan was transferred to Fay on February 3, 2014; Fay received Debtor's most recent correspondence; and Fay did not receive a loan modification application from Debtor until after the foreclosure sale had already occurred. Notably, the 2015 Fay Letter never mentions U.S. ROF III. Therefore, Debtor cannot plausibly claim that the 2015 Fay Letter alerted him to U.S. ROF III's role in the relevant events. Consequently, Debtor's receipt of the 2015 Fay Letter cannot serve as the triggering event that caused Debtor to discover his TILA claim. Debtor alleges no other facts in the TAC to support his equitable tolling argument. Thus, Debtor has failed to plead facts sufficient to show equitable tolling, and his TAC is barred by the statute of limitations.

  4. <u>Granting Debtor Leave to Amend His TILA Claim Would Be Futile.</u>

  Civil Rule 15(a)(2) mandates that the court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." <u>Polich v. Burlington N., Inc.</u>, 942 F.2d 1467, 1472 (9th Cir. 1991). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" <u>U.S. v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citation omitted); <u>Bly–Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)).

  As discussed above in Section II.C.3, the Court considered the timeliness of Debtor's TILA claim at the July 11, 2017 hearing and ultimately found that such claim was time-barred. The Court then granted Debtor leave to amend the claim, specifically to assert additional facts in support of an equitable tolling argument. In his TAC, Debtor does not allege any facts with respect to his TILA claim that were not already alleged, and deemed insufficient to justify equitable tolling, in previous filings. <u>See, e.g.</u>, Adv. Docket Nos. 39 (Debtor's reply in support of his emergency motion for a temporary restraining order), 56 (memorandum of decision on Debtor's emergency motion for a TRO). Therefore, granting Debtor leave to amend his TILA claim again would be futile, since it appears that Debtor would not be able to allege any new facts that would change the outcome of this case.

III. CONCLUSION

Accordingly, under Civil Rule 12(b)(6), the Court grants Defendants' Motion as to Debtor's TILA claim, without leave to amend, and dismisses the TAC in its entirety.

A separate order consistent with this memorandum of decision will be entered.

Date: December 21, 2017

Julia W. Brand
United States Bankruptcy Judge